UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

DAVID RUSSEL WEDEKIND,

    Plaintiffs,

vs.

SCIENTIFIC INSTRUMENTSS, INC., a Florida Corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiff, DAVID RUSSEL WEDEKIND (hereinafter "WEDEKIND" or "Plaintiff"), sues Defendant, SCIENTIFIC INSTRUMENTSS, INC. (hereinafter "SCIENTIFIC INSTRUMENTSs"), and states:

### JURISDICTION AND VENUE

1. This is an action pursuant to the Florida Civil Rights Act of 1992, Fla. Sta. Chapter 760, *et. seq* ("FCRA"), the Americans with Disabilities Act (ADA) and the Age Discrimination in Employment Act (ADEA).

2. WEDEKIND an individual citizen and resident of Palm Beach County, Florida and is within the jurisdiction of this honorable Court.

3. SCIENTIFIC INSTRUMENTS is a Florida corporation conducting business in Palm Beach County, Florida and is within the jurisdiction of this Court.

4. SCIENTIFIC INSTRUMENTS's principal place of business is in Palm Beach County, Florida.

**COMPLIANCE WITH PROCEDURAL REQUIREMENTS**

5. On or about May 27, 2021, WEDEKIND filed a charge of discrimination with the Palm Beach County Office of Equal Opportunity Commission, which was deemed to be dual-filed with the Florida Commission on Human Relations (FCHR). (Exh. A).

6. More than 180-days passed after WEDEKIND filed his charge of discrimination and the Florida Commission on Human Relations never issued a determination on the charge.

7. This action has been filed in a timely fashion and all conditions precedent or administrative prerequisites have been met or have been waived.

**FACTUAL ALLEGATIONS**

8. Defendant is in the developing and manufacturing of cryogenic measurement technology business.

9. Plaintiff worked as a R&D Design and Test Engineer.

10. WEDEKIND worked for Defendant from in or about June 17, 2017 through in or about November 20, 2020.

11. The owner of SCIENTIFIC INSTRUMENTS, Leigh Ann Hoey, made it known TO to manager(s) that she did not want to hire additional needed people in order to keep the number of employees under fifty (50). Hoey told manager(s) that SCIENTIFIC INSTRUMENTS did this to avoid the application of the Family and Medical Leave Act (FMLA) to their business so as to avoid the leave obligations of the FMLA.

12. WEDEKIND occasionally missed work for health reasons.

13. On or about November 16, 2020, WEDEKIND missed part of the work day due to a doctor's appointment. WEDEKIND told his boss, Adam Kurland, that he had prostate cancer that same day. Kurland in turn informed Hoey of WEDEKIND'S cancer and Hoey responded that she "had enough" of WEDEKIND, or words to that effect, and fired him.

14. WEDEKIND was fired due to perceived disability or disability as well as his age (65) after he told his boss, Adam Kurland, on or about November 16, 2020 that he had prostate cancer.

15. SCIENTIFIC INSTRUMENTS fired WEDEKIND less than a week after SCIENTIFIC INSTRUMENTS' owner learned of WEDEKIND'S cancer diagnosis. WEDEKIND was fired on November 20, 2020.

16. Hoey told WEDEKIND on Friday November 20, 2020 that SCIENTIFIC INSTRUMENTS no longer required his services. No other explanation was provided to him.

### COUNT I

#### VIOLATION OF FLORIDA CIVIL RIGHTS ACT
#### DISABILITY DISCRIMINATION

17. SCIENTIFIC INSTRUMENTS, acting through its agent(s) was motivated in the unequal treatment of WEDEKIND by WEDEKIND's disability when SCIENTIFIC INSTRUMENTS terminated WEDEKIND from his position in violation of Fla. Stat. § 760.10(1)(a).

18. The actions of SCIENTIFIC INSTRUMENTS as alleged herein were intentional.

19. The actions of SCIENTIFIC INSTRUMENTS as alleged herein were taken with malice or with a reckless disregard of DIETRICK civil rights.

WHEREFORE, WEDEKIND asks this Court to grant the following relief:

    a.    Issue a declaratory judgment finding that SCIENTIFIC INSTRUMENTS conduct toward WEDEKIND violated the Florida Civil Rights Act;

    b.    Enjoin and restrain SCIENTIFIC INSTRUMENTS and all other persons acting on behalf of, or in concert with them, from engaging in such unlawful practices;

    c.    Enter judgment in favor of WEDEKIND and against SCIENTIFIC INSTRUMENTS together with prejudgment interest from the date of the violation, if available;

    d.    Enter judgment in favor of WEDEKIND and against SCIENTIFIC INSTRUMENTS for compensatory (pain and suffering, pecuniary and non-pecuniary damages, mental anguish, loss of dignity and other intangible) damages, back pay, front pay and punitive damages pursuant to Fla. Stat. § 760.11 together with pre-judgment interest;

    e.    Award WEDEKIND a reasonable attorney's fee, pursuant to the Florida Civil Rights Act, Fla. Stat. § 760.11 together with the costs of this action; and

    f.    Award such other and further legal and equitable relief as may be appropriate to redress fully the deprivation of WEDEKIND's rights, to prevent reoccurrence of similar acts in the future and to protect SCIENTIFIC INSTRUMENTS other employees from such unlawful behavior.

## COUNT II

### VIOLATION OF ADA

20.    WEDEKIND re-alleges and adopts as if fully set forth in Count II the

allegations of paragraphs 1 through 16.

21. Defendant was motivated in its unequal treatment of WEDEKIND because of its perception that he was disabled or actual disability (cancer) in violation of the Americans with Disabilities Act (ADA).

22. Defendant engaged in unlawful employment practices in violation of the ADA when he was terminated.

23. Defendant' actions were intentional or were taken with reckless disregard of WEDEKIND's rights under the ADA.

WHEREFORE, WEDEKIND asks this Court to grant the following relief:

a. Issue a declaratory judgment finding that: Defendant's conduct toward WEDEKIND violated the ADA;

b. Enjoin and restrain Defendant and all other persons acting on behalf of, or in concert with them, from engaging in such unlawful practices;

c. Enter judgment in favor of WEDEKIND and against Defendant for backpay in the amount of wages and fringe benefits it is determined that WEDEKIND has lost as a result of Defendant's unlawful conduct, together with prejudgment interest from the date of the violations

d. Enter judgment in favor of WEDEKIND and against Defendant for pecuniary and non-pecuniary compensatory damages together with pre-judgment interest;

e. Award WEDEKIND punitive damages pursuant to 42 U.S.C. § 1981a;

f. Award WEDEKIND a reasonable attorney's fee, pursuant to 42 U.S.C. § 1981a together with costs of this action; and

  g. Award such other and further legal and equitable relief as may be appropriate to redress fully the deprivation of Plaintiff WEDEKIND's rights, to prevent reoccurrence of similar acts in the future and to protect Defendant' other employees from such unlawful behavior.

### COUNT III

#### VIOLATION OF FLORIDA CIVIL RIGHTS ACT
#### AGE DISCRIMINATION

24. WEDEKIND re-alleges and adopts as if fully set forth in Count III the allegations of paragraphs 1 through 16 and pleads the following in the alternative:

25. SCIENTIFIC INSTRUMENTS, acting through its agent(s) was motivated in the adverse treatment of WEDEKIND by WEDEKIND's age when SCIENTIFIC INSTRUMENTS terminated WEDEKIND from his position as R&D Design and Test Engineer in violation of Fla. Stat. § 760.10(1)(a).

26. The actions of SCIENTIFIC INSTRUMENTS as alleged herein were intentional.

27. The actions of SCIENTIFIC INSTRUMENTS as alleged herein were taken with malice or with a reckless disregard of WEDEKIND's civil rights.

WHEREFORE, WEDEKIND asks this Court to grant the following relief:

  a. Issue a declaratory judgment finding that SCIENTIFIC INSTRUMENTS's conduct toward WEDEKIND violated the Florida Civil Rights Act;

  b. Enjoin and restrain SCIENTIFIC INSTRUMENTS and all other persons acting on behalf of, or in concert with them, from engaging in such unlawful practices;

  c. Enter judgment in favor of WEDEKIND and against SCIENTIFIC INSTRUMENTS together with prejudgment interest from the date of the violation, if available;

  d. Enter judgment in favor of WEDEKIND and against SCIENTIFIC INSTRUMENTS for compensatory (pain and suffering, pecuniary and non-pecuniary damages, mental anguish, loss of dignity and other intangible) damages, back pay, front pay and punitive damages pursuant to Fla. Stat. § 760.11 together with pre-judgment interest;

  e. Award WEDEKIND a reasonable attorney's fee, pursuant to the Florida Civil Rights Act, Fla. Stat. § 760.11 together with the costs of this action; and

  f. Award such other and further legal and equitable relief as may be appropriate to redress fully the deprivation of WEDEKIND's rights, to prevent reoccurrence of similar acts in the future and to protect SCIENTIFIC INSTRUMENTS other employees from such unlawful behavior.

## COUNT IV
### Violation of the ADEA

24. WEDEKIND re-alleges and adopts as if fully set forth in Count III the allegations of paragraphs 1 through 16 and pleads the following in the alternative:

25. Plaintiff was terminated due to his age in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623(1).

26. Defendant's violation of the ADEA was willful and Plaintiff seeks liquidated damages for each violation.

27. Plaintiff is entitled to the rights and remedies provided by the ADEA, 29 U.S.C. § 216(b), including damage, liquidated damages, backpay and attorney's fee.

## **JURY DEMAND**

WEDEKIND demands trial by jury on all issues so triable.

Respectfully submitted,

GARY A. COSTALES, P.A.
1533 Sunset Drive, Suite 150
Miami, FL 33143
786-446-7288 Ext. 1001
786-446-7298 Direct
 (786) 323-7274 (facsimile)


/s Gary A. Costales
Gary A. Costales, Esq.
Florida Bar No. 0948829